IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 10-cv-01383-LTB-MEH

MISTY STOKLEY,

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant.

_____

## ORDER
_____

      This case is before me on Defendant United States of America's Motion to Dismiss

Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) [Doc. # 18] and Plaintiff Misty Stokley's Motion

for Leave to Amend Complaint Pursuant to Fed. R. Civ. P. 15 [Doc.# 23].  The two motions are

being addressed simultaneously because they are closely related and raise common issues.  After

consideration of the motion, all related pleadings, and the case file, I deny the United States'

motion to dismiss and grant Plaintiff's motion to amend.

## I.  Background

      This action arises out an automobile accident that occurred in Larimer County, Colorado

on February 15, 2007.  Plaintiff alleges that she was injured when her vehicle collided with a

vehicle driven by Kerry Ackerman ("Ackerman"), an employee of the United States Postal

Service ("USPS") who was driving her own privately owned vehicle at the time of the accident.

On April 5, 2007, USPS provided a SF 95 - "Claim for Damage, Injury or Death" form to Plaintiff. Plaintiff submitted the completed form to USPS on February 13, 2009. USPS acknowledged receipt of Plaintiff's claim form and subsequently notified Plaintiff that her claim was being reviewed "in order to make the determination as to any legal liability on the part of [USPS] for [Plaintiff's] injuries ..." USPS also notified Plaintiff that it had six months from February 13, 2009, or until approximately August 13, 2009, to adjudicate her claim.

On February 15, 2010, Plaintiff initiated a state court action against Ackerman in the Larimer County District Court asserting claims for negligence and negligence per se. On March 11, 2010, more than one year after Plaintiff submitted her claim form, USPS notified Plaintiff that her administrative claim was denied as a result of the civil state court action filed against Ackerman and that any suit regarding the denial of her claim had to be filed no later than six months from the date of the denial letter. USPS further notified Plaintiff that the United States was the only proper defendant in an action brought pursuant to the Federal Tort Claims Act (the "FTCA") and that such an action had to be brought in federal court.

On June 14, 2010, the United States removed Plaintiff's state court action to this Court pursuant to 28 U.S.C. §§ 1442(a)(1), 1446, and 2679(d)(2). The United States simultaneously gave notice that it was to be substituted for Ackerman and filed a Certificate of Scope of Employment certifying that Ackerman was acting within the scope of her employment with USPS at the time of the underlying automobile accident.

Plaintiff now seeks to amend her Complaint to reflect that the United States is the proper defendant and to add allegations relevant to the FTCA. Plaintiff asserts that the proposed amendments were neither relevant nor appropriate at the time she filed her original complaint in

2

state court.  The United States argues that Plaintiff's complaint should be dismissed because the state court did not have subject matter jurisdiction over her claims at the time she filed her state court action and this Court therefore did not acquire subject matter jurisdiction over Plaintiff's claims upon removal.  The United States further argues that Plaintiff should not be granted leave to amend her complaint because the proposed amendment will not cure the alleged jurisdictional defect.

## II.  Standard of Review

In seeking dismissal under Fed. R. Civ. P. 12(b)(1), a party may go beyond the allegations in the complaint and challenge the facts upon which subject matter jurisdiction is based.  *Holt v. United States,* 46 F.3d 1000, 1003 (10th Cir. 1995).  In such instances, a court has wide discretion to allow affidavits and other documents without converting the motion to dismiss into a motion for summary judgment.  *Id.*  Once subject matter jurisdiction is challenged, the plaintiff  bears the burden of proving it exists by a preponderance of the evidence.  *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.,* 190 F.3d 1156, 1160 (10th Cir. 1999).

Rule 15(a)(2), Fed. R. Civ. P., provides that leave to amend should be freely given "when justice so requires."  Thus, "district courts may withhold leave to amend only for reasons such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. "  *United States ex rel. Ritchie v. Lockheed Martin Corp.,* 558 F.3d 1161, 1166 (10th Cir. 2009) (internal quotation and brackets omitted).

### III. Analysis

The United States argues that the dismissal of Plaintiff's claims is mandated under the doctrine of derivative jurisdiction because the state court lacked jurisdiction over these claims in the first instance. *See Minnesota v. United States,* 305 U.S. 382, 389 (1939) (jurisdiction in removed case is derivative such that a federal court acquires no jurisdiction where the state court had none). *See also Barnaby v. Quintos,* 410 F. Supp. 2d 142, 146 (S.D.N.Y. 2005) (finding that doctrine of derivative jurisdiction still applied to cases removed pursuant to other statutory provisions following amendment eliminating doctrine under 28 U.S.C. § 1441). The United States bases its assertion that the state court lacked subject matter jurisdiction on the fact that the FTCA provides that federal courts have exclusive jurisdiction over civil actions or claims for personal injury caused by the negligent of wrongful act or omission of any employee of the United States while acting within the scope of his office or employment. *See* 28 U.S.C. § 1346 (b)(1).

In response, Plaintiff first challenges the authority cited by the United States in support of its removal of her state court case. In its Notice of Removal, the United States cited 28 U.S.C. §§ 1442(a)(1), 1446, and 2679(d)(2). Section 1446(b) dictates, however, that a defendant must file a notice of removal pursuant to § 1442(a)(1) within thirty days after the defendant is served with the state court complaint. Ackerman did not file a timely notice of removal under §§ 1442(a)(1) and 1446(b). Thus, Plaintiff argues that the only authority cited by the United States that would support the removal of her state court action is § 2679(d)(2) which authorizes the removal of state court actions upon certification by the Attorney General that the defendant employee was acting

4

within the scope of employment at the time of the incident out of which the state court action arose.

Before deciding the merits of Plaintiff's argument regarding the proper authority for the United States' removal of her state court case, I must first address the United States' assertion that Plaintiff waived any objection to the timeliness of removal pursuant to §§ 1442(a)(1) and 1446(b). Were Plaintiff seeking to remand her case to the state court, I might find this argument persuasive. *See* 28 U.S.C. 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal...."). Here, however, Plaintiff raises the United States' misplaced citation to §§ 1442(a)(1) and 1446(b) in seeking to prevent the dismissal of her claims. Under these circumstances, I conclude that Plaintiff's argument regarding the proper authority for the removal of her state court case is properly before me. I further conclude that the only cited authority that supports the United States' removal of Plaintiff's state court case is § 2679(d)(2) and limit my analysis accordingly.

The United States argues that dismissal is appropriate because the state court had no subject matter jurisdiction over Plaintiff's claims while Plaintiff argues that federal jurisdiction did not arise under § 2679(d)(2) until the Attorney General certified that Ackerman was acting in the scope of her federal employment. I find the authority supporting Plaintiff's position persuasive. Specifically, in *Thompson v. Wheeler,* 898 F.2d 406, 409 n. 3 (3rd Cir. 1990), the Third Circuit concluded that federal jurisdiction is only created under § 2679(d)(2) after the Attorney General certifies that the defendant was acting in the scope of his federal employment and that the mere possibility that such certification might be forthcoming does not automatically

5

divest a state court of jurisdiction. In support of this conclusion, the Third Circuit noted that in enacting  § 2679, Congress necessarily anticipated that affected suits would initially be brought in state court.  *Id.  Accord Glorgiven v. Cirrus Design Group,* 2006 WL 3043222 at * 3 n. 8 (D. Minn. Oct. 24, 2006).

Conversely, I find that the relevant authority cited by the United States is largely inapplicable to the facts and circumstances of this case.  In particular, the United States relies on cases in which there was little if any doubt that the plaintiff's only recourse was a claim against the United States under the FTCA.  *See e.g. Wess v. United States,* 2010 WL 4386861 at *1 (N. D. Ill. Oct. 28, 2010) (United States had already once removed state court action against federal employee and substituted itself as defendant prior to filing of amended state court complaint against employee); *Barnaby*, *supra*, 410 F. Supp. 2d at 146-47 (S.D.N.Y. 2005) (Attorney General had already certified that defendants were federal employees acting within the scope of their employment prior to filing of third party complaint against them in state court).  Here, however, Plaintiff had reasonable basis to question whether she had a viable FTCA claim based both on existing case law, *see Tunder v. United States,* 522 F.2d 913, 915 (10th Cir. 1975) (person delivering mail under Star Route Contract was independent contractor, and not employee of the United States), and communications that her counsel had with government counsel.  The fact that the United States sent Plaintiff a pro forma letter informing her that it was the only proper party to an FTCA claim and that such claim had to be brought in federal court was insufficient to resolve the ambiguities in this regard.

Because I conclude that the state court had subject matter jurisdiction over Plaintiff's claims against Ackerman, the United States' argument for dismissal based on the doctrine of

derivative jurisdiction must fail.  Plaintiff shall be granted leave to amend so that her complaint conforms to the current posture of the case.

## IV.  Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1.  Defendant United States of America's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) [Doc. # 18] is DENIED; and

2.  Plaintiff Misty Stokley's Motion for Leave to Amend Complaint Pursuant to Fed. R. Civ. P. 15 [Doc.# 23] is GRANTED.

Dated: March ___17___, 2011 in Denver, Colorado.

BY THE COURT:

___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, JUDGE